# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan C. Braun, | Case No. 26-cv-2244 (JWB/SGE) |
| *Plaintiff*, | |
| v. | **ORDER** |
| MNDOC; Commissioner of Corrections; MCF-Rush City Warden; MCF Rush City Grievance Coordinator; MCF-Stillwater Warden; MCF-Stillwater Grievance Authority; and Crystal Brakke, MNDOC Deputy Commissioner, | |
| *Defendants*. | |

Plaintiff Nathan C. Braun, a Minnesota state prisoner, has filed a one-page complaint alleging that the Minnesota Department of Corrections and its officials have violated his constitutional rights by temporarily restricting him from filing emergency grievances after having filed, in their view, too many frivolous or duplicative grievances. Braun has applied for *in forma pauperis* ("IFP") status, and that IFP application is now before the Court for review.

Unfortunately for Braun, he has filed too many frivolous, duplicative, and otherwise non-meritorious lawsuits to qualify for IFP status. Under 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

1

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Braun has filed many, many lawsuits over the years. Most of those lawsuits were dismissed for reasons other than being frivolous or malicious or for failure to state a claim on which relief may be granted, and those dismissals therefore do not count as "strikes" for purposes of § 1915(g). Three of the dismissals, however, do count as strikes:

(1) In *Braun v. State of Minnesota*, No. 24-CV-3596 (LMP/TNL) (D. Minn.), Braun raised an array of claims attacking the validity of his sentence. That lawsuit was dismissed—and was expressly labeled upon dismissal as being frivolous, *see id.*, Dkt. 7 (D. Minn. Oct. 24, 2024), report and recommendation adopted in Dkt. 10 (D. Minn Nov. 25, 2024)—under the favorable-termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Any dismissal on frivolity grounds counts as a strike, and the Eighth Circuit has previously concluded (albeit in an unpublished opinion) that dismissals pursuant to *Heck* qualify as "strikes" under § 1915(g). *See Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. 1999) (per curiam).

(2) In *Braun v. Vierzba*, No. 26-CV-0511 (JWB/DLM) (D. Minn.), Braun sought relief from a prison official on various grounds. That lawsuit was entirely duplicative of another lawsuit that Braun had recently filed against the same official—more on this below—and was summarily dismissed on frivolity grounds pursuant to 28 U.S.C. § 1915A(b)(1). *See id.*, Dkt. 3 (D. Minn. Jan. 28, 2026), report and recommendation adopted in Dkt. 4 (D. Minn. Feb. 25, 2026).

2

(3) In *Braun v. Vierzba*, No. 26-CV-0401 (DWF/ECW) (D. Minn.), Braun raised a number of claims related to the revocation of his intensive supervised release. Each of the claims over which the Court had original jurisdiction was dismissed for failure to state a claim on which relief may be granted or on frivolity grounds. *See id.*, Dkt. 3 (D. Minn. Feb. 9, 2026), report and recommendation adopted in Dkt. 4 (D. Minn. Mar. 6, 2026). That dismissal was entered about five weeks before Braun filed this lawsuit. Although the judgment in that matter was later amended to take account of post-dismissal arguments that Braun had raised, the amended dismissal order confirms that the complaint had been dismissed on grounds falling within those identified in § 1915(g) as registering a "strike." *See id.*, Dkt. 7 (D. Minn. Apr. 21, 2026).

Each of the above-noted filings counts as a strike. At the moment that Braun filed this lawsuit, he was a three-strikes litigant. At the moment that Braun applied for IFP status, he was a three-strikes litigant. The complaint does not present factual allegations establishing that Braun "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, Braun is ineligible to proceed IFP in this action, and his pending IFP application will be denied pursuant to § 1915(g).

Braun may proceed as a non-IFP litigant by paying the $405.00 filing fee for this matter within 14 days of the date of this order. Should he do so, his complaint will remain subject to substantive preservice review under § 1915A. Should he fail to do so, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT**:

1.    The application to proceed *in forma pauperis* of plaintiff Nathan C. Braun

   (Dkt. 5) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2.    Braun must pay the $405.00 filing fee for this action within 14 days of the

   date of this order, failing which it will be recommended that this matter be

   dismissed without prejudice for failure to prosecute.


Dated: May 8, 2026                         *s/ Shannon G. Elkins*
                                           SHANNON G. ELKINS
                                           United States Magistrate Judge

4